[Civ. No. 65406. Second Dist., Div. Four. Mar. 18, 1983.]

SAINT JOHN'S HOSPITAL & HEALTH CENTER,
Plaintiff and Appellant, v.
CITY OF SANTA MONICA et al., Defendants and Respondents.

48

---

**COUNSEL**

Manatt, Phelps, Rothenberg & Tunney, Ronald J. Silverman, Andrew S. Pauly and Ginna Ingram for Plaintiff and Appellant.

Robert M. Myers, City Attorney, Stephen S. Stark, Assistant City Attorney, Jonathan Horne, Deputy City Attorney, Michael Heumann and Joel Martin Levy for Defendants and Respondents.

OPINION

**KINGSLEY, J.**—The hospital appeals from a judgment denying its petition for a writ of mandate to compel respondent board to grant it a removal permit. We affirm.

The hospital is a nonprofit hospital, qualified as a "quasi-public" entity to exercise the power of eminent domain. In 1979, pursuant to an elaborate plan to improve its parking facilities, the hospital purchased two properties containing rental units. The tenants have vacated the property and the hospital now desires to demolish them in order to complete its plan for parking space.

## I

Although the Santa Monica City Charter, and the regulations adopted thereunder, provide an elaborate procedure for securing removal (demolition) permits, the hospital did not seek such a permit under that procedure. Its application for a permit was based solely on the theory that, under the facts hereinafter set forth, the board had no jurisdiction to refuse to allow the desired demolition. We reject that theory.

Under the applicable state law relating to the hospital as a "quasi-public" entity, it could secure the properties in question either by outright negotiated purchase, or by eminent domain. Here the hospital, late in 1978, advised the owners of the properties of its intent to acquire the properties by eminent domain if necessary, but invited out-of-court negotiations for purchase. The property owners accepted that invitation and, in June of 1979, purchase was accomplished at agreed prices.

The case has been briefed, on both sides, on the apparent assumption that, had the hospital acquired the properties by eminent domain, its right to demolish would have been absolute. Without deciding that issue, we here proceed on that same assumption. We reject the hospital's theory that a negotiated purchase under threat of eminent domain carries with it the same consequences as an actual acquisition by eminent domain.

█ Use of eminent domain by a quasi-public entity, and particularly by a hospital, requires special procedures: (1) Such a proceeding cannot be instituted without first obtaining a resolution of consent by the local legislative body of the community (Code Civ. Proc., § 1245.330); and (2) another statute requires the approval of the State Director of Public Health Services (Health & Saf. Code, § 1260). On the other hand, acquisition by negotiation involved neither procedural requirement. A hospital, having endowment or gift funds, may pur-

chase for investment real property—an office building, an apartment house, or whatever its governing board determines wise. For the purposes of the case before us, the significant factor is that a negotiated purchase involves no input on behalf of the public and, thus, no consideration of the public effect of the purchase. The purchasing hospital stands in the same position as any other property owner, subject to all local regulations as to use.

## II

■ The hospital has urged in its briefs here a series of other contentions which were not raised before, or considered by, the trial court. It is settled law that such contentions will not be considered on appeal except where the record discloses all facts necessary to decide them. (6 Witkin, Cal. Procedure (2d ed. 1971) §§ 286-288, pp. 4273-4275.)

Pursuant to that rule, we here comment on only one issue raised. Our decision on that issue and on the issue above discussed, leaves the hospital free, if it so desires, to raise the other issues by a new application to the board, with judicial review if that new application is unsuccessful.

The record does permit us to pass on one issue. It is contended that the Santa Monica regulations are unconstitutional on their face because they require a property owner to show more than that he cannot secure a fair return on his investment by renting the property. We are cited to a decision of the United States Supreme Court, and to two trial court decisions supporting that theory. However, we take judicial notice that the city has, now, amended its regulations so that that objection has been removed. On appeal, this court decides on the basis of the law now in force. (See *Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 306, fn. 6 [138 Cal.Rptr. 53, 562 P.2d 1302].)

The judgment is affirmed.

Woods, P. J., and McClosky, J., concurred.